UNITED STATES

v.

**Frank A. TUSING, 385 46 9286, Fire Control Technician Ballistics Second Class (E–5), U. S. Navy.**

NMCM 79 1856.

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 23 April 1979.
Decided 19 Oct. 1981.

LCDR I. D. Warden, Jr., JAGC, USN, Appellate Defense Counsel.

LCDR Anne L. MacArthur, JAGC, USN, Appellate Government Counsel.

Before BAUM, Senior Judge, and ABERNATHY and KERCHEVAL, Judges.

PER CURIAM:

Appellant was charged under Articles 80 and 108, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 908, with, respectively, attempting to willfully damage, and willfully damaging military property of the United States, to wit: the U.S.S. ULYSSES S. GRANT (SSBN 631). Appellant was further charged under Article 110, UCMJ, 10 U.S.C. § 910, with willfully and wrongfully hazarding said vessel. At a general court-martial, contrary to appellant's pleas, the military judge found appellant guilty of one violation of Article 108, UCMJ, and of one violation of Article 110, UCMJ. Appellant was found not guilty of the two alleged violations of Article 80, UCMJ, and of one alleged violation of Article 108, UCMJ. Appellant was sentenced to six months confinement at hard labor; total forfeitures; reduction in rate to pay grade E–1; and a dishonorable discharge. The sentence was approved on review below.

The damage alleged in the two specifications under which appellant was found guilty by exceptions and substitutions occurred when appellant cut something in excess of 22 wires and 4 cables in the SSBN's missile fire control system and related areas. But for the values alleged in the specification under Article 108, UCMJ, these two specifications are identical. This fact was noted by the military judge who considered the two charges involved to be multiplicious for sentencing purposes.

We consider both of appellant's assignments of error to be without merit, but believe the second, that appellant was improperly convicted of hazarding a vessel, should be briefly addressed.

At trial, the prosecution presented evidence and argument that appellant hazarded the vessel in two ways: 1) by exposing the crew to the risk of electrical shock and 2) by exposing both crew and ship to the risk of fire. The military judge made special findings in both areas. Prior to announcing sentence, he made the following remarks:

I found no hazard to the USS *Grant* by virtue of shock. Shock, electrical shock is a hazard perhaps, if you want to call it that, only to individuals and that is not the charge. What I found was a danger of fire. (R. 540)

We find the logic in that statement compelling. The danger of fire, fully documented by the evidence at trial, is sufficient to uphold at this level the conviction under the charge that appellant's actions hazarded his ship. *United States v. Adams*, 42 CMR 911 (N.C.M.R.1970). In light of the foregoing, the findings and sentence as approved on review below are affirmed.